PROB 12C
(04/08)

FILED February 6, 2013

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

13 FEB 14 PM 3:48

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

DEPUTY

**Name of Offender:** Daniel Aceves (English)      **Dkt No.:** 08CR00079-002-JLS

**Reg. No.:** 06818-298

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324 (a)(2)(B)(iii) and 18 U.S.C. § 2, Bringing in an Illegal Alien Without Presentation and Aiding and Abetting, a Class C felony

**Date of Revocation Sentence:** September 28, 2011

**Sentence:** 12 months' custody; one year of supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** July 12, 2012

**Asst. U.S. Atty.:** Randy K. Jones      **Defense Counsel:** Robert A. Garcia
(Appointed)
619-696-7881

**Prior Violation History:** None.

PETITIONING THE COURT

TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)
Name of Offender: Daniel Aceves                                         February 6, 2013
Docket No.: 08CR00079-002-JLS                                                     Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. *(nv1)* | 1. On January 14, 2013, Mr. Aceves drove a vehicle while under the influence of alcohol, in violation of California Vehicle Code § 23152(a), as evidenced by San Diego Police Department Report No. 13010023847. |

***Grounds for Revocation:*** As to allegation one, I have received and reviewed the San Diego Police Department Report No. 13010023847 which confirms the following: On the above date, Mr. Aceves was observed by police driving at high rates of speed through two red light intersections. The officer then made an enforcement stop. While speaking to Mr. Aceves, the officer noted the offender smelled of alcohol. Mr. Aceves reported he drank alcohol "earlier." Mr. Aceves performed and failed field sobriety tests and was taken into custody. During a search of the vehicle, officers found two half full cans of beer, two full unopened cans of beer and one opened and empty can of beer. Mr. Aceves had one male passenger with him; however, that individual had also been imbibing and therefore Mr. Aceves' vehicle was impounded. The passenger was not cited or arrested.

On January 25, 2013, Mr. Aceves reported to the probation office as directed. He stated he consumed alcohol during the day and night, and had driven his vehicle. He acknowledged his blood alcohol content would be high based on the amount of alcohol he had consumed.

Mr. Aceves' initial Court appearance is scheduled for February 25, 2013, at 8:30 a.m., at the San Diego County Superior Court.

| **(Standard Condition)** Notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. *(nv16)* | 2. On January 14, 2013, Mr. Aceves was arrested by the San Diego Police Department and bonded out on the same day. He failed to disclose this contact to the probation officer on or before January 17, 2013. |

***Grounds for Revocation:*** As to allegation two, on the above date Mr. Aceves had police contact. He bonded out of jail on that same day. He did not make any attempts to contact this writer. On January 24, 2013, this officer contacted Mr. Aceves at his residence. During a walk-through of his home, he did not disclose the arrest, but did not deny it when asked about it. He was directed to report to the U.S. Probation Office on the following day.

**(Mandatory Condition)**
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)*

3. Mr. Aceves used a controlled substance, cocaine, as evidenced by his written admission to the probation officer on January 2, 2013.

4. Mr. Aceves failed to submit a urine sample at the U.S. Probation Office on January 2, and January 4, 2013, as directed.

**Grounds for Revocation:** As to allegation three and four, on January 2, 2013, Mr. Aceves reported to the probation office at 3:00 p.m., as directed. He was directed to submit a urinalysis. After approximately one hour, he informed the urinalysis technician that he used drugs and did not want to submit to a urinalysis. Mr. Aceves stated to the probation officer that he used cocaine on New Years' Eve while at a party. He was instructed to submit the urinalysis test as originally instructed. At approximately 5:30pm, Mr. Aceves stated he was unable to produce a urine sample. I directed him to wait 10 minutes and make a final attempt (testing closed at 5:45 pm). Mr. Aceves was observed leaving the office immediately following that conversation and did not submit a urinalysis. The following day I contacted Mr. Aceves and directed him to submit a urinalysis on January 4, 2013. Mr. Aceves failed to submit a urinalysis on that date.

**(Standard Condition)**
Not leave the judicial district without permission of the court or the probation officer. *(nv6)*

5. On or about December 17, 2012, Mr. Aceves travelled outside of the Southern District of California without the permission of the Court or probation officer.

**Grounds for Revocation:** As to allegation five, on December 20, 2012, this writer went to the offender's residence and spoke to his mother. She informed Mr. Aceves had travelled to Oregon with his brother-in-law. She explained he had been gone for about two days helping his brother-in-law, who is a truck driver. Mr. Aceves did not submit a travel request form nor had he made any verbal requests to travel outside of the district. On January 2, 2013, in response to the above allegation, Mr. Aceves reported he has aspirations of becoming a truck driver, and had accompanied his brother-in-law to gain work experience.

**(Special Condition)**
Complete an Anger Management Program as directed by the probation officer.

6. Mr. Aceves failed to attend anger management groups at Turning The Heart from November 15 through January 2, 2013.

**Grounds for Revocation:** As to allegation six, Mr. Aceves was directed to attend ten anger management group sessions at Turning the Heart. Between August 9, 2012, and the date of this report, he reportedly completed six weekly sessions (on a sporadic basis despite directives to attend consecutively). In November 2012, he stopped attending. When asked why he quit going to groups, he stated he was "taking some time off from probation."

He reported he would return to Turning the Heart that week. He has failed to provide any verification of attendance.

| | |
|---|---|
| **(Special Condition)**<br>Complete 80 hours of community service with the San Diego Work Projects Program (San Diego County Probation Department) *(nv23)* | 7. Mr. Aceves failed to complete 80 hours of community service, as directed. |

***Grounds for Revocation:*** As to allegation seven, on August 6, 2012, Mr. Aceves was directed to register for community service within one week. He failed to do so, and on August 27, 2012, Mr. Aceves was again directed to register for community service within one week. He failed to register as directed. On September 12, 2012, Mr. Aceves was directed to begin community service hours upon his entrance into the Residential Reentry Center (October 1, 2012). Mr. Aceves failed to complete any community services hours during his 45-day placement at the RRC. He was provided with a new deadline of December 3, 2012. As of January 2, 2013, Mr. Aceves had not registered for community service and had not completed any hours.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Aceves' adjustment to supervision has been very poor, as evidenced by the violations he has amassed in a very short period of time. His behavior demonstrates a complete lack of willingness to comply with the conditions of supervision. His new arrest conduct presents a risk to the motoring public.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Aceves resides with his parents and sister. He is employed with his father's company on a part-time basis. Mr. Aceves has one off-spring. Mr. Aceves' criminal history began at the age of 13. As indicated in the prior petition dated July 1, 2011, Mr. Aceves had been arrested for assault with a deadly weapon, violating a protection order and driving while under the influence while on supervision. Mr. Aceves served one year of custody as a result of his dangerous and violent violation behaviors.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (Driving while intoxicated, use of a controlled substance, failure to submit to urinalysis, travelled outside the district without permission, failure to notify probation of law enforcement contact, failure to attend anger management group, and failure to complete community service as directed) constitute Grade C violations. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

**REIMPOSITION OF SUPERVISED RELEASE**

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 2 years (36 months less previously imposed aggregate total of 12 months in custody) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

**JUSTIFICATION FOR BENCH WARRANT**

Mr. Aceves was recently arrested for driving while intoxicated. He acknowledged he drove after consuming alcohol and placed himself and the motoring public in danger. Mr. Aceves was previously arrested for driving while intoxicated on July 5, 2009, as indicated in the petition for warrant dated July 1, 2011.

**RECOMMENDATION/JUSTIFICATION**

Mr. Aceves' new criminal conduct is very troubling. He imbibed at multiple establishments and drove at high rates of speed, running red lights. He placed others at risk and demonstrated little concern for the members of his community. This is his second arrest for driving while intoxicated.

Regarding his other violation behavior, Mr. Aceves has had several opportunities to address his noncompliance but has willfully failed to comply. Mr. Aceves appears to act with impunity and has breached the trust of the Court. The offender seems indifferent toward probation and unmotivated to comply despite the previous violation sentence of one year in custody.

PROB12(C)

| | |
|---|---|
| Name of Offender: Daniel Aceves | February 6, 2013 |
| Docket No.: 08CR00079-002-JLS | Page 6 |

Therefore, if the Court finds Mr. Aceves in violation, it is recommended supervised release be revoked and Mr. Aceves sentenced to nine months in custody with no supervision to follow.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: February 6, 2013**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Kate McClory
Senior U.S. Probation Officer
619-409-5116

Reviewed and approved:

_____
Lisa Coen
Supervising U.S. Probation Officer

PROB12CW                                                                                                    February 6, 2013

# VIOLATION WORKSHEET

1. **Defendant:** Aceves, Daniel

2. **Docket No. (Year-Sequence-Defendant No.):** 08CR00079-002-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Driving while intoxicated | C |
| failure to notify probation of law enforcement contact | C |
| use of a controlled substance | C |
| failure to submit to urinalysis | C |
| travelled outside the district without permission | C |
| failure to attend anger management group | C |
| failure to complete community service as directed | C |
|  |  |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                     [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                            [   I   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                     [   3 to 9 months   ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____    Community Confinement _____

    Fine($) _____    Home Detention _____

    Other _____    Intermittent Confinement _____

PROB12(C)

Name of Offender: Daniel Aceves  
Docket No.: 08CR00079-002-JLS

February 6, 2013  
Page 8

**THE COURT ORDERS:**

__✓__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____
The Honorable Janis L. Sammartino
U.S. District Judge

2/13/13
Date

EOA